UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| TELLY ARMSTRONG, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 2:13-cv-00381-JMS-WGH |
| ) | |
| J. F. CARAWAY Warden, MAY R.N., ) | |
| T. J. WATSON Captain, HEISER R.N., ) | |
| EIRWIN SIS Lt., SMITH R.N., ) | |
| YOUNG SIS Lt., WARD, ) | |
| SCHMITT Dr., JOHN DOE SIA, ) | |
| BAILY, WILSON, ) | |
| ) | |
| Respondents. ) | |

**ENTRY DISMISSING PETITION AND DIRECTING ENTRY OF FINAL JUDGMENT**

Petitioner Telly Armstrong filed this civil action naming twelve respondents. The document is titled "Amended to Writ of Habeas Corpus: 28 U.S.C. § 2241 Case Notice of Opportunity to Cure This Will Default in 30 Days by All Defendants In Not Answers." The Entry of October 25, 2013, gave Armstrong a period of time in which to show cause why this action should not be summarily dismissed because upon preliminary review it plainly appears that Armstrong is not entitled to habeas relief pursuant to § 2241.

In response, Armstrong filed a motion to amend. Armstrong states that his claim was misunderstood and that he seeks a transfer for his safety. He states that he challenges the conditions of his confinement such that he is in custody in violation of his constitutional rights. A petition seeking habeas corpus relief under § 2241 is not appropriate in these circumstances (petitioner does not challenge the fact or duration of his confinement) thus the motion to amend

[dkt. 6] is **denied and this action is summarily dismissed**. *See Preiser v. Rodriguez,* 411 U.S. 475, 490 (1973); *Waletzki v. Keohane,* 13 F.3d 1079, 1080 (7th Cir. 1994).

Nothing in this Entry prohibits Armstrong from raising his claims in a new civil action pursuant to the theory recognized in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). The Court, however, will not convert this petition for writ of habeas corpus pursuant to § 2241 into a civil rights complaint. The reason for this ruling is that minimal time has elapsed (approximately 20 days) between the filing of the petition for relief under § 2241 and this dismissal such that Armstrong should not prejudiced (in fact, he seeks to file an amended complaint). Second, Armstrong should be aware of the consequences of filing a civil rights action as opposed to a petition for writ of habeas corpus. For example, in a civil action, his complaint will be screened pursuant to 28 U.S.C. § 1915A(b). If the complaint fails to state a claim upon which relief may be granted he will receive a strike under the Prison Litigation Reform Act. In addition, his claims will be subject to possible exhaustion defenses. He will also be required to pay the filing fee for a civil action which is $350 if he is granted *in forma pauperis* status (otherwise the fee is $400). The **clerk is directed** to include a copy of a civil rights complaint form along with Armstrong's copy of this Entry.

All pending motions [dkts. 2 and 7] are **denied as moot.**

Judgment consistent with this Entry shall now issue.

   **IT IS SO ORDERED.**

Date: _11/14/2013_

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

TELLY ARMSTRONG
Reg. No. 17695-028
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808